~~SEALED~~   FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 SEP 26   PM 4: 24

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:18-cr-223-Orl-37TBS
                                          18 U.S.C. § 2251(a)
ROBERTO OQUENDO                           18 U.S.C. § 2252A(a)(5)(B)
ROSE BETH LITZKY

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or about October 2014, to on or about September 15, 2016, in the Middle District of Florida, and elsewhere, the defendants,

ROBERTO OQUENDO
and
ROSE BETH LITZKY

did knowingly, willfully, and intentionally conspire with each other to employ, use, persuade, induce, and entice a minor to engage in any sexually explicit conduct for the purpose of producing visual depictions of such conduct and transmitting live visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce, and knowing and having reason to know that such visual depictions would be transported and transmitted in and affecting interstate and foreign commerce,

and the visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depictions were actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

On or about July 2, 2016, in the Middle District of Florida, and elsewhere, the defendant,

ROSE BETH LITZKY

did employ, use, persuade, induce, and entice a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and the visual depiction was actually transported or transmitted using any means and facility of interstate or foreign commerce, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about August 9, 2016, in the Middle District of Florida, and elsewhere, the defendant,

ROBERTO OQUENDO

did employ, use, persuade, induce, and entice a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and the visual depiction was actually transported or transmitted using any means and facility of interstate or foreign commerce, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about September 15, 2016, in the Middle District of Florida, and elsewhere, the defendant,

ROSE BETH LITZKY

did knowingly possess materials that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting

interstate and foreign commerce by any means, including by computer, and was produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## COUNT FIVE

On or about September 15, 2016, in the Middle District of Florida, and elsewhere, the defendant,

ROBERTO OQUENDO

did knowingly possess materials that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and was produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## **FORFEITURE**

1.  The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2.  Upon conviction of a violation of 18 U.S.C. §§ 2251(a) and 2252A, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.  The property to be forfeited includes, but is not limited to, the following: LG H634 cellphone, Motorola Moto E2 cellphone, Moto G XT1031 cellphone, Motorola XT1527 cellphone, ZTE Z970 cellphone, ZTE

Z988 cellphone, HP laptop computer, Gateway laptop computer, iPhone, and SD card.

  4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Ilianys Rivera Miranda
Assistant United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

ROBERTO OQUENDO
ROSE BETH LITZKY

## INDICTMENT

Violations:

18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(5)(B)

A true bill,

_____
Foreperson

Filed in open court this 26th day of September, 2018.

_____
Clerk

Bail  $_____