**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                          **Case No. 6:18-cr-223-Orl-37TBS**

**ROSE BETH LITZKY,**

    **Defendant.**
_____/

**DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF OTHER ACTS**

Defendant, Rose Beth Litzky, through undersigned counsel, pursuant to Federal Rules of Evidence 402 and 403, moves the Court for an order excluding evidence of other acts, as described below.

**I.**      **Statement of Facts**

The government has charged Ms. Litzky with conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e), production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). *See* Doc. 1 (Indictment). On March 7, 2019, the government gave Ms. Litzky notice of its intent to introduce evidence that it will seek to introduce evidence at trial pursuant to Federal Rule of Evidence 414 or 404(b)(2).[1] *See* Letter from Ilianys Rivera

---

[1] The government also sent an identical letter on October 31, 2018, to co-defendant's counsel and the undersigned counsel's office after law enforcement had arrested Ms. Litzky in the Southern District of Florida on October 3, 2018. *See* Doc. 39. Following a competency hearing, the court in the Southern District ordered Ms. Litzky removed to the Middle District

Miranda to Karla M. Reyes, Mar. 7, 2019 (attached as Exhibit A). In particular, the government disclosed that it will seek to introduce

> evidence of the defendants' sexual conduct involving K.O. and E.L. that spanned over several years until in or about September 2016. In particular, as described in the discovery provided in this case, the United States intends to introduce evidence relating to Oquendo's sexual abuse of K.O. and E.L., and Litzky's conduct of facilitation and encouraging the sexual abuse of the minors . . . .

*See* Exhibit A at 1. In addition, the government disclosed its theory that "[b]oth Litzky and Oquendo caused the minors to engage in sexually explicit conduct for the purpose of producing visual depictions of said conduct." *See id.* at 1-2. For the reasons that follow, Ms. Litzky moves to exclude the evidence described in the government's letter, as well as any related or similar evidence, under Federal Rules of Evidence 401, 403 and 404(b)(1).

II.     **Memorandum of Law and Argument**

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 414 provides a possible exception which permits a court to admit "evidence that the defendant committed any other child molestation" in a criminal case in which a defendant is accused of child molestation. Fed. R. Evid. 414(a). *See United States v. McGarity*, 669 F.3d 1218, 1243-44 (11th Cir. 2012). For purposes of Rule 414, "child molestation" is defined in Rule 414(d). In addition, Rule 404(b)(2) provides a possible exception if the government shows that the evidence is

---

on February 20, 2019. Doc. 42. The undersigned counsel filed a notice of appearance on Ms. Litzky's behalf on February 12, 2019 (Doc. 36).

2

admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Fed. R. 404(b)(2).

With respect to Rule 404(b)(2), the Eleventh Circuit has set forth a three-part test for determining whether evidence of a prior bad act is admissible.  Under that test, the evidence is admissible only if: "(1) the evidence is relevant to an issue other than a defendant's character; (2) there is sufficient proof to allow a jury to find that the defendant committed the act by a preponderance of the evidence; and (3) the evidence's probative value is not substantially outweighed by the risk of unfair prejudice under Rule 403."  *United States v. Green*, 873 F.3d 846, 858 (11th Cir. 2017) (citing *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc)).  Thus, the three-part test incorporates Rules 401 and 403.[2]

Rule 401 and 403 also apply to the admissibility of evidence under Rule 414.  *See* Fed. R. Evid. 414(a) ("The evidence may be considered on any matter to which it is relevant."); *United States v. Woods*, 684 F.3d at 1045, 1064 (11th Cir. 2012) (Rule 403 applies to Rule 414); *McGarity*, 669 F.3d at 1244 & n.2 (Rule 403 applies to Rule 414).  "To make such a determination, the context of both the evidence and its admission must be considered."  *McGarity*, 669 F.3d at 1244 (citing *United States v. Lopez,* 649 F.3d 1222, 1247-48 (11th Cir. 2011) (considering context of admission of evidence under Rule 403 inquiry)).

---

[2] Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Also, Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

The First Circuit has observed that Rule 414 evidence "can well be the kind of inflammatory, unduly complex evidence courts often exclude under Rule 403." *Martinez v. Cui*, 608 F.3d 54, 60 (1st Cir. 2010). The Ninth and Tenth Circuits have required district courts to apply Rule 403 with "careful attention to both the significant probative value and the strong prejudicial qualities" of this evidence. *See Seeley v. Chase*, 443 F.3d 1290, 1295 (10th Cir. 2006) (quotation and citation omitted); *see also Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000). For example, the Tenth Circuit has articulated the following considerations for the district court in applying the Rule 403 balancing test to rule 414 evidence:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Seeley*, 443 F.3d at 1295 (citations and quotations omitted). But unlike some of the other circuits, the Court of Appeals for the Eleventh Circuit appears not to have explicitly delineated the factors courts should consider when applying Rule 403 balancing to Rule 414 evidence.

Here, the government cannot show that the evidence it seeks to admit under Rule 414 or Rule 404(b) is relevant under Rule 401 to an issue other than Ms. Litzky's character. She further asserts that there is insufficient proof to allow a jury to find that she committed the acts the government seeks to introduce by a preponderance of the evidence. The evidence lacks sufficient reliability. Further, she contends that the evidence's probative value is not substantially outweighed by the risks of unfair prejudice, confusing the issues, misleading the

4

jury, undue delay, and needlessly presenting cumulative evidence under Rule 403. Accordingly, the evidence should be excluded under Rules 401, 403 and 404(b)(1).

Under Rule 403, the unfair prejudice to Ms. Litzky of the evidence the government seeks to admit outweighs any potential probative value of the statements, and the evidence should be excluded. *See United States v. Wilson*, 788 F.3d 1298, 1314 (11th Cir. 2015) ("the test under rule 403 is whether the other acts evidence was dragged in by the heels solely for prejudicial impact"); *see also United States v. Young*, 574 F. App'x 896, 896 (11th Cir. 2014). Within its context, "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Advisory Committee's Notes on Fed. R. Evid. 403). As the Supreme Court explained:

> Such improper grounds certainly include[s] . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventative conviction even if he should happen to be innocent momentarily). As then-Judge Breyer put it, "Although . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment – creates a prejudicial effect that outweighs ordinary relevance." [citation omitted].

*Id.* at 180-81. "This type of character evidence, which paints [the defendant as a biased and bad person], is exactly what Rule 404(b)(1) is designed to keep from the jury." *Young*, 574 F. App'x at 902 (reversing conviction where trial court's admission of a prior conviction violated Rules 403 and 404(b)). As referenced in *Old Chief*, there is a danger that the jury could interpret this evidence as "calling for preventative conviction." 519 U.S. at 180-81. It would be unfairly prejudicial to Ms. Litzky to allow the jury to hear the evidence, as it unduly

increases the risk that a jury would convict her for a crime other than that charged or because the jury thinks that a bad person deserves punishment. *See Old Chief*, 519 U.S. at 180-81. In addition, admission of the evidence would confuse the issues and mislead the jury by making them think she is on trial for an uncharged crime. It would also cause undue delay by spending time on evidence that is irrelevant to the charges and unduly prejudicial to Ms. Litzky. This Court should exclude the evidence.

Ms. Litzky requests a hearing on this motion in limine to further articulate her factual and legal positions.

### III.     LOCAL RULE 3.01(G) CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g) and Section II.D. of the Court's Criminal Scheduling Order, the undersigned conferred with counsel for the government on April 8, 2019 and the government opposes the relief requested.

### IV.     CONCLUSION

WHEREFORE, Ms. Litzky requests that this Court exclude evidence of other acts.

Dated this 11th day of April, 2019.

Respectfully submitted,
DONNA LEE ELM
FEDERAL DEFENDER

*s/Karla M. Reyes*_____
Karla M. Reyes
Assistant Federal Defender
Florida Bar No.0072652
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095

6

                              E-Mail: karla_reyes@fd.org
                              Attorney for Ms. Litzky

## CERTIFICATE OF SERVICE

I Hereby Certify that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system this the 11th day of April, 2019.

                              *s/Karla M. Reyes*_____
                              Attorney for Ms. Litzky