| | | |
|---|---|---|
| 2110 First Street, Suite 3-137<br>Fort Myers, Florida 33901<br>239/461-2200<br>239/461-2219 (Fax) | <br>**U.S. Department of Justice**<br>*United States Attorney*<br>*Middle District of Florida*<br>―――――<br>**Main Office**<br>400 North Tampa Street, Suite 3200<br>Tampa, Florida 33602<br>813/274-6000<br>813/274-6358 (Fax) | 300 N. Hogan Street, Suite 700<br>Jacksonville, Florida 32202<br>904/301-6300<br>904/301-6310 (Fax) |
| 35 SE 1st Avenue, Suite 300<br>Ocala, Florida 34471<br>352/547-3600<br>352/547-3623 (Fax) | | 400 West Washington Street, Suite 3100<br>Orlando, Florida 32801<br>407/648-7500<br>407/648-7643 (Fax) |

Reply to: Orlando, FL                                                                                                                IRM

March 7, 2019

Karla M. Reyes
Assistant Federal Defender
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Via USA/Fx

      Re: *United States v. Rose Litzky*
           Case No. 6:18-cr-223-Orl-37TBS

Dear Counsel:

      In connection with the above-captioned case and pursuant to Fed. R. Crim. P. 16(a), please be advised that the discovery material was disclosed through the USA File Exchange software. You only have 30 days to complete the download of the material.

      1.    With respect to the substance of any oral statement which the government intends to offer in evidence at trial made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, please be advised that we have disclosed two audio recordings of Litzky's interviews and one audio recorded interview of Oquendo.

      2.    The United States gives notice of its intent to introduce evidence of the defendants' sexual conduct involving K.O. and E.L. that spanned over several years until in or about September 2016. In particular, as described in the discovery provided in this case, the United States intends to introduce evidence relating to Oquendo's sexual abuse of K.O. and E.L., and Litzky's conduct of facilitating and encouraging the sexual abuse of the minors, to prove the allegations charged in the Indictment under Fed. R. Evid. 401, 402, 414 and 404(b). Both Litzky and Oquendo caused the minors to engage in sexually explicit conduct for the purpose of producing visual

depictions of said conduct. Rule 414 of the Federal Rules of Evidence permits the prosecution to introduce evidence of a prior sexual offense committed by a defendant charged with an offense of child molestation. Fed. R. Evid. 414(a). Rule 414 incorporates Congress' view that evidence of prior offenses of child molestation is "typically relevant and probative," and is an exception to the general rule that "propensity" evidence is not admissible. 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole); *see also United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (noting "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible"). Pursuant to Rule 414, evidence of other crimes of child molestation "may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, evidence admitted under this rule may be considered by the jury for any relevant purpose including proof that the defendant had a sexual interest in children. *See United States v. Carino,* 368 Fed.Appx. 929-30 (11th Cir. 2010) (*per curiam*) (unpublished) ("[I]n prosecutions for possessing or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged."); *See United States v. Levinson,* 504 Fed.Appx. 824, 827-28 11th Cir. 2013) ("[E]vidence that a defendant engaged in child molestation in the past is admissible to prove that the defendant has a disposition of character that makes it more likely that he did commit the act of child molestation charged in the instant case." Evidence of defendant's other internet chat sessions and possession of child pornography was admissible at trial for using a computer to attempt to persuade a minor to engage in sexual activity and committing a felony offense involving a minor as a registered sex offender, since it was relevant to the issue of intent, was reliable, and was not substantially more prejudicial than probative). Alternatively, the United States intends to offer this evidence under Fed. R. Evid. 404(b) as evidence of defendant's intent, knowledge, absence of mistake or accident, and motive to commit the offenses charged in the Indictment.

      3.     With regard to the below-listed items, they are available for you to inspect upon reasonable notice:

      a.     Computer media items

      b.     Forensic computer media extraction reports

      c.     Physical evidence

      4.     I have provided your office with copies of law enforcement records which are relevant to the above-noted case. Those records include recorded interviews of the defendants, witnesses, incident reports, search warrants, as well as sensitive information pertaining two minor victims (K.O. and E.R.) in this case. In

compliance with the *Crimes Victims Rights Act of 2004*, 18 U.S.C. § 3771, I am requesting that you protect the privacy and identity of the two minor victims. The victims have a right to be reasonably protected from the accused and to be treated fairly and with respect to their dignity and privacy. Please make sure their names and relationship to the defendant are not disclosed in any public pleading. I will forward any additional records which come into my possession upon receipt.

5. We intend to use the following expert witness:

   a. Agent Francis Dufresne

6. The witness' opinions, bases and the reasons for those opinions and the witness' qualifications are

   a. Agent Dufresne works with the Brevard County Sheriff's Office, Digital Forensic Unit, as a digital forensic examiner. Agent Dufresne is expected to testify as an expert witness in the forensic examination of digital media. Dufresne is experienced in assisting law enforcement officers and prosecutors with criminal cases and prosecutions relating to computer forensic matters. Agent Dufresne is proficient in the acquisition, processing, and analysis of digital evidence to aid in prosecutions, along with the preparation of detailed evidence reports. Agent Dufresne is expected to testify regarding his background, education, and training in the analysis of digital evidence, and the forensic analysis of the Oquendo's computers, cellphones and digital media, as well as Litzky's iPhone, to include, forensic findings and conclusions as relevant to the charges. *See* curriculum vitae and summary report prepared by Agent Dufresne. Also, at your earliest convenience, please schedule an inspection of the forensic evidence.

7. We are aware of continuing discovery obligations pursuant to Fed. R. Crim. P. 16(c) and will make you aware of such materials as soon as practicable if such materials come to our attention.

8. Pursuant to Fed. R. Crim. P. 16(b), the United States requests the following:

   a. Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial. Fed. R. Crim. P. 16(b)(1)(A).

   b. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.  Fed. R. Crim. P. 16(b)(1)(B).

   c. A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications.  Fed. R. Crim. P. 16 (b)(1)(C).

  To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement.  Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

  If you have any questions concerning any of the foregoing, please do not hesitate to contact me.

        Sincerely,

        MARIA CHAPA LOPEZ
        United States Attorney

    By:

        *s/Ilianys Rivera Miranda*
        Assistant United States Attorney