```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        ORLANDO DIVISION
                     CASE NUMBER 6:18-cr-223

. . . . . . . . . . . . . . . .
UNITED STATES OF AMERICA,      :
                               :
         Plaintiff,            :       Orlando, Florida
                               :       February 6, 2020
            v.                 :       2:16 p.m.
                               :
ROSE BETH LITZKY,              :
                               :
         Defendant.            :
. . . . . . . . . . . . . . . .


       TRANSCRIPT OF SENTENCING HEARING, VOLUME II
         BEFORE THE HONORABLE ROY B. DALTON, JR.
                UNITED STATES DISTRICT JUDGE



APPEARANCES:


Counsel for Plaintiff:      Karen L. Gable


Counsel for Defendant:      Karla M. Reyes




Court Reporter:    Amie R. First, RDR, CRR, CRC, CPE
                   Federal Official Court Reporter
                   401 West Central Boulevard, Suite 4600
                   Orlando, Florida  32801
                   AmieFirst.CourtReporter@gmail.com

Proceedings recorded by Realtime Stenography.

Transcript produced by Computer-Aided Transcription.
```

```
 1                        P R O C E E D I N G S
 2                                *****
 3            THE DEPUTY CLERK:  Case Number 6:18-cr-223, United
 4   States of America versus Rose Beth Litzky.
 5            Counsel, will you please state your appearance for
 6   the record.
 7            MS. GABLE:  Good afternoon, Your Honor.  Karen
 8   Gable on behalf of the United States.  I'm appearing with
 9   Agent Raymundo and Agent Stake.
10            THE COURT:  Good afternoon.
11            MS. REYES:  Good afternoon, Your Honor.  Karla
12   Reyes on behalf of Ms. Litzky.
13            THE COURT:  Good afternoon, Ms. Reyes and
14   Ms. Litzky.
15            So this is a continuation of the sentencing
16   proceeding that was previously conducted.  And the only
17   thing that remained, I think, was for me to pronounce
18   sentence.
19            So let me just remind, I guess, the parties where
20   we left off.  The sentencing calculus point of demarcation
21   in terms of the calculation of the guidelines ended up with
22   offense level of 43 and a criminal history category of I.
23            As a result of the operation of 5G1.2(b), the
24   guideline, as opposed to life, ended up being 960 months
25   because of the statutory maximum on count one at 360, count
```

1  two at 360, and count four at 240.  So the guideline became
2  960 months.
3          So is the Government aware of any legal reason not
4  to proceed with the imposition of sentence, Ms. Gable?
5          MS. GABLE:  No, Your Honor.
6          THE COURT:  Ms. Reyes, are you?
7          MS. REYES:  No, Your Honor.
8          THE COURT:  Would you and Ms. Litzky stand,
9  please.
10         The Court's inquired as to whether there's any
11 legal reason not to proceed with the imposition of
12 sentence.
13         And I had an opportunity to obviously conduct a
14 very robust sentencing hearing.  I've taken testimony.
15 I've also, Counsel, entered a sentencing order that I'll
16 incorporate into my oral allocution.
17         I'm going to ask Mr. Countryman to docket that at
18 some point either during the proceeding or immediately
19 thereafter which includes a lot of my thinking with respect
20 to the imposition of sentence.  But also, of course, it
21 accounts everything that I've taken into consideration.
22         But I've looked carefully at the presentence
23 report, the sentencing memorandum that was provided by
24 counsel for the defendant.
25         Ms. Litzky was given an opportunity to allocute,

```
 1   and she demurred with respect to her right to allocute.
 2          I've also reviewed Title 18 of the United States
 3   Code, Section 3551 and 3553.
 4          And accordingly, it is the judgment of the Court
 5   that the defendant, Rose Beth Litzky, be committed to the
 6   custody of the Bureau of Prisons to be imprisoned for a
 7   term of 360 months.
 8          This term of 360 months is imposed on count one
 9   and count two to run concurrently as well as a term of
10   200 months on count four to run concurrently for a total
11   term of incarceration of 360 months.
12          On release from imprisonment, I am going to impose
13   a lifetime term of supervised release.  This term of life
14   is imposed on counts one, two, and four, such terms to run
15   concurrently.
16          While you're on supervised release, you're to
17   comply with the mandatory and standard conditions of the
18   Middle District of Florida as well as the following special
19   conditions:
20          Participate in a mental health program
21   specializing in sexual offender treatment and submit to
22   polygraph testing for treatment and monitoring purposes.
23   You're ordered to follow the Probation Office's direction
24   in connection with those programs and to bear your pro rata
25   share of the costs.
```

1          You're also obligated to register with any state
2    sexual offender registration agency in any state where you
3    reside, visit, are employed, carry on a vocation, are
4    engaged as a student as directed by the Probation Office.
5          The Probation Office will provide state officials
6    with all the information that's required under the sexual
7    predator and sexual offender registration and notification
8    statutes.  And you may be required, Ms. Litzky, to make a
9    direct report to those agencies to provide additional
10   information such as photographing, fingerprinting, and DNA
11   collection.
12         You are to have no direct contact with minors
13   under the age of 18 without the written approval of the
14   Probation Office.  And you're to refrain from entering into
15   any area where children frequently congregate, including
16   schools, day care centers, theme parks, playgrounds,
17   et cetera.
18         You are prohibited from possessing or subscribing
19   to or viewing any images, videos, magazines, literature, or
20   other materials depicting children in the nude or in
21   sexually explicit positions.
22         Without the written prior approval of the
23   Probation Office, you are prohibited from either possessing
24   or using a computer that includes any type of device that
25   might be capable of connecting to an online service

```
 1  provider or an internet service provider.
 2          It includes any such device that might be located
 3  at a third-party location such as, for example, public
 4  library, internet cafe, or place of employment, or
 5  educational facility.
 6          You're also prohibited from possessing any
 7  electronic data storage mediums.  That includes but is not
 8  limited to flash drives, compact discs, floppy disks,
 9  things of that sort.  You're also precluded from using any
10  data encryption programs or techniques.
11          If the Probation Office does permit you to utilize
12  such devices, you must permit them to be inspected
13  routinely, including the hard drive and any other storage
14  medium, to confirm that you are in compliance with this
15  condition.
16          The United States Probation Office must conduct
17  the inspection in a way that's no more intrusive than
18  necessary to ensure that you are in compliance.
19          And if the condition affects a third party or may
20  affect a third party, it's your responsibility to advise
21  them of the existence of the condition.
22          I am going to impose the search conditions that
23  will require you to submit to a search of your person,
24  residence, place of business, any storage unit under your
25  control, computer, or vehicle to be conducted by the United
```

1  States Probation Office at a reasonable time and in a
2  reasonable manner based on any reasonable suspicion of
3  contraband or evidence of a violation of a condition of
4  your release.
5      Again, it's your obligation to advise any other
6  residents that the premises may be subjected to a search
7  and that failure to submit to a search may be grounds for
8  revocation.
9      You're ordered to provide the Probation Office
10 with access to any requested financial information.
11     You're ordered to cooperate in the collection of
12 DNA.
13     I'm not going to impose the drug testing
14 requirements of the Violent Crime Control Act, but you are
15 required to submit to random drug testing, not to exceed
16 104 tests per year.
17     I'm going to waive the imposition of a fine based
18 on your financial circumstances.
19     I'm going to incorporate the preliminary order of
20 forfeiture that was entered at document number 225 on
21 January the 28th.
22     Is there any other forfeiture issue, Ms. Gable?
23     MS. GABLE: No, there are not, Your Honor.
24     THE COURT: I'm going to order you to pay the
25 United States a special assessment in the amount of $300,

```
 1   which is due immediately.
 2              I am going to determine that you are indigent and
 3   not able to make the $5,000 special assessment payment that
 4   is described in 18 United States Code, Section 3014.
 5              I considered all of the advisory sentencing
 6   guidelines and all the factors that are identified in
 7   Title 18 of the United States Code, Section 3553(a)(1)
 8   through (7) whether I specifically referenced them in my
 9   oral statement or not.
10              And as I mentioned, I have prepared a sentencing
11   memorandum that goes through my process.  But, in essence,
12   I felt that the guideline range of 960 months was
13   excessive.
14              I have policy disagreements with respect to the
15   application of the guidelines in the area of production of
16   child pornography as well as possession and distribution.
17   Based on those policy disagreements, it was my feeling that
18   the 960-month period described in the guidelines was more
19   than necessary to achieve the statutory purposes of
20   sentencing.
21              I also took into account the defense argument that
22   Ms. Litzky was entitled to some consideration in favor of a
23   variance based on her diminished intellectual capacity.
24   And I've described that in my written order, but I did
25   think that the defense established that she was entitled to
```

```
 1  some consideration for a variance based on those factors.
 2          And then overall the sense of fairness, my
 3  requirement to impose a sentence that is just, that
 4  promotes respect for the law, that is a sentence that is
 5  sufficient but not greater than necessary to achieve the
 6  statutory purposes of sentencing.
 7          I, of course, did not give Ms. Litzky any
 8  consideration for acceptance of responsibility because she
 9  is not entitled to any.
10          I did struggle somewhat with the potential
11  disparity between Ms. Litzky's sentence and the sentence
12  imposed on Mr. Oquendo.  Mr. Oquendo was sentenced to
13  600 months.
14          Ms. Litzky's crime is horrific.  She's violated
15  the most sacred trust vested in parents and particularly in
16  mothers.  And I've described that in some detail in my
17  order.
18          I've also described in some detail the testimony
19  of the adoptive parents, which was compelling and moving.
20          This is probably one of the most difficult
21  sentencings that I've had during my almost decade on the
22  bench now.  And as a consequence, I went back through -- as
23  Ms. Reyes had suggested, I've had about 17 of these.  I
24  went back through each of those.
25          I also consulted with the United States Sentencing
```

1  Commission and collected national data on sentencing in
2  this particular area, especially individuals such as
3  Mrs. Litzky who had been sentenced under those enhancements
4  or who had been subject to the enhancements for abuse of a
5  minor child with the role of a parent and things of that
6  sort.
7        And on balance at the end of the day, it was my
8  assessment that even though a sentence of 360 months is
9  significantly less than that imposed by the Court on
10 Mr. Oquendo, Mr. Oquendo's conduct was much more culpable
11 than that of Ms. Litzky.
12       And even giving him consideration as I did for
13 acceptance of responsibility, 5K, and testifying against
14 Mrs. Litzky, it was my feeling that the disparity was
15 warranted, not unwarranted.  And as a consequence, I've
16 imposed a sentence of 360 months.
17       It is my responsibility, Ms. Litzky, to advise you
18 that you have a right to appeal the sentence of the Court
19 within 14 days from today's date or the day it's reduced to
20 writing, whichever is later.  Failure to appeal within that
21 time period will be a waiver of your right to appeal.
22       You are entitled to the assistance of a lawyer.
23 If you cannot afford a lawyer, one will be provided for
24 you.
25       If you cannot afford the filing fee, the Clerk of

```
 1  the Court will be directed to accept the notice of appeal
 2  without the payment of the fee.
 3          You're remanded to the custody of the United
 4  States Marshal to await designation by the Bureau of
 5  Prisons.
 6          Just a remainder to counsel that in the event of
 7  an appeal, it will be her obligation to continue in her
 8  representation unless and until relieved by an order of the
 9  Court of Appeals.
10          The Court having pronounced sentence, does counsel
11  for the Government or counsel for the defense have any
12  objection to the Court's factual findings, the sentence, or
13  the manner in which the sentence was imposed?
14          MS. GABLE:  Your Honor, yes.  The United States is
15  going to preserve its objection and object to the
16  substantive reasonableness of the sentence.
17          THE COURT:  Okay.  Thank you.
18          Ms. Reyes?
19          MS. REYES:  Yes, Your Honor.  Respectfully, we
20  would object to the sentence as being procedurally
21  unreasonable to the extent --
22          THE COURT:  I can't hear you.  Can you keep your
23  voice up.
24          MS. REYES:  Yes, Your Honor.
25          THE COURT:  Yes.
```

```
 1            MS. REYES:  Procedurally unreasonable to the
 2   extent that this Court overruled our guideline objections
 3   and substantively unreasonable because the sentence is
 4   greater than necessary and the Court did not give enough
 5   consideration to our mitigation.
 6            THE COURT:  Okay.  Thank you.
 7            Your objections are noted.
 8            Thank you.  We'll be in recess.
 9            (Proceedings adjourned at 2:28 p.m.)
10                           *****
11
12                    C E R T I F I C A T E
13
14        I certify that the foregoing is a correct
15   transcript from the record of proceedings in the
16   above-entitled matter.
17
18   February 17, 2020
19
20       s\  Amie R. First
     Amie R. First, RDR, CRR, CRC, CPE
21   Federal Official Court Reporter
     United States District Court
22   Middle District of Florida
23
24
25
```